IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**STEPHEN W. BYERLY,**

        Petitioner,

                                          Case No. 2:14-cv-266
   v.                                        Judge Sargus
                                          Magistrate Judge King

**STATE OF OHIO,** *et al.*,

        Respondents.


## ORDER and REPORT AND RECOMMENDATION

Stephen W. Byerly, a state prisoner currently incarcerated in the Ross Correctional Institution, seeks leave to proceed in a civil action in this Court without prepayment of fees or costs. ECF 1. Because it appears that petitioner seeks to challenge his state court conviction, the Court construes the action as one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for leave to proceed *in forma pauperis*, ECF 1, is therefore **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Court directed petitioner to submit a form habeas corpus petition, *Order*, ECF 2; *Order*, ECF 4, and petitioner has now done so. *Petition*, ECF 5.[1]

---

[1] Although it is not entirely clear, it appears that petitioner intends to challenge his conviction in the Richland County Court of Common Pleas based on alleged irregularities in proceedings before the Mansfield Municipal Court. If so, the action may be subject to transfer to the Northern District of Ohio. *See* 28 U.S.C. § 2241(d).

1

Petitioner's original pleading named as defendants a number of state court judges and other individuals and also sought monetary damages in connection with his allegedly invalid conviction. However, the appropriate respondent in a habeas corpus action is the person who has custody of the petitioner. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Moreover, petitioner's claim for monetary damages arising out of his allegedly invalid criminal conviction cannot proceed unless his criminal conviction has first been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or ha[s] otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir.2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

Because petitioner is currently incarcerated in the Ross Correctional Institution, the warden of that facility is therefore the proper respondent. It is therefore **RECOMMENDED** that the warden of the Ross Correctional Institution be named as the respondent in this case. Because petitioner's criminal conviction has not yet been reversed, expunged or otherwise called into question, it is **FURTHER RECOMMENDED** that petitioner's claims against the remaining defendants be dismissed.

The Clerk of Court is **DIRECTED** to mail a copy of the *Petition* and a copy of this *Order* to the Warden of the Ross Correctional Institution and to the Attorney General of Ohio, Criminal Justice

2

Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

Respondent is **ORDERED** to answer the *Petition* in accordance with the provisions of Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, within twenty-one (21) days of the date of this *Order.*

Petitioner may have twenty-one (21) days thereafter to file a reply to the respondent's answer or other response to the petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                 s/ Norah McCann King
                                                 Norah McCann King
                                                 United States Magistrate Judge

May 1, 2014